# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ESTATE OF GEORGE T. HAMMOND**                        **PLAINTIFF**

**v.**                             **CIVIL ACTION NO. 2:19-CV-114-KS-MTP**

**J.P. MORGAN MORTGAGE
ACQUISITION CORP.**                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Plaintiff's Motion to Remand [9] and grants Plaintiff leave to file an Amended Complaint to address the issues raised in Defendant's Motion to Dismiss [2]. Plaintiff shall file the Amended Complaint on or before **December 9, 2019**.

## I. BACKGROUND

This case arises from an alleged wrongful foreclosure and violations of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692, *et seq*. Plaintiff alleges that Defendant attempted to conduct a foreclosure sale without providing proper notice, and that it generally engaged in "unfair and deceptive practices" in "its collection efforts and foreclosure." Plaintiff also alleges that Defendant breached the deed of trust in bad faith. Defendant removed the case from the Chancery Court of Forrest County, Mississippi, on the basis of both diversity and federal question jurisdiction. It then filed a Motion to Dismiss [2]. Plaintiff filed a Motion to Remand [9]. Both motions are ripe.

## II. MOTION TO REMAND [9]

Plaintiff argues that the Court lacks jurisdiction of this case and must remand it to Chancery Court. Specifically, Plaintiff contends that the amount in controversy is less than $75,000.00. In response, Defendant argues that the Court has federal question jurisdiction because Plaintiff asserted a claim under the FDCPA. The Complaint provides: "Defendant J.P. Morgan Mortgage Acquisition Corp. has violated the provisions of the Fair Debt Collection Practice [sic] Act by failure to give proper notifications to the Plaintiff." In reply, Plaintiff argues that he did not intend to invoke a federal question, and that the same notice requirements exist under the Deed of Trust and Mississippi law.

"Federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction of any case where it has original jurisdiction, 28 U.S.C. § 1441(a), and it has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As the removing party, Defendant "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

"A federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008). Here, Plaintiff plainly asserted a claim under the FDCPA, a federal cause of action. *See Smith v. Barrett Daffin Frappier Turner & Engel, LLP*, 735 F. App'x 848, 853 (5th Cir. 2018); *French v. EMC Mortg. Corp.*, 566 F. App'x 285, 286-87 (5th Cir. 2014).

Therefore, the Court concludes that it has federal question jurisdiction over Plaintiff's FDCPA claim, and it may exercise supplemental jurisdiction over his state-law claims. 28 U.S.C. § 1367. The Court **denies** Plaintiff's Motion to Remand [9].

### III. MOTION TO DISMISS [2]

Defendant filed a Motion to Dismiss [2], asserting several arguments. In response, Plaintiff argued that he should be permitted an opportunity to file an Amended Compliant to assert more facts that specifically address the issues raised in Defendant's motion.

> Rule 15(a) requires a trial court to grant leave to amend freely, and the language of the rule evinces a bias in favor of granting leave to amend. Leave to amend is in no way automatic, but the district court must possess a substantial reason to deny a party's request for leave to amend. The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment.

*Marucci Sports, LLC v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014) (citations and

3

punctuation omitted).

The Court will permit Plaintiff to file an Amended Complaint to address the issues raised in Defendant's Motion to Dismiss [9]. Plaintiff shall file the Amended Complaint on or before **December 9, 2019**. If Plaintiff does not timely file the Amended Complaint, the Court will address Defendant's pending Motion to Dismiss [9] the current operative pleading.

### IV. CONCLUSION

For these reasons, the Court **denies** Plaintiff's Motion to Remand [9] and grants Plaintiff leave to file an Amended Complaint to address the issues raised in Defendant's Motion to Dismiss [2]. Plaintiff shall file the Amended Complaint on or before **December 9, 2019**.

SO ORDERED AND ADJUDGED this 26th day of November, 2019.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE